IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL A. CHESTNUT : CIVIL ACTION

v.

LINDA A. CARPENTER, et al. : NO. 17-0382

M E M O R A N D U M

SLOMSKY, J. JANUARY 31, 2017

 Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against Judge Linda A. Carpenter of the Philadelphia Court of Common Pleas, and the Philadelphia District attorney and two assistant district attorneys. He appears to be challenging his conviction and sentence. In his prayer for relief, he is requesting release from incarceration and money damages. For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

 Judges have absolute immunity from civil rights actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Carpenter was outside of her judicial capacity in connection with plaintiff's criminal case. Therefore, the claims against Judge Carpenter will be dismissed.

 The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. Plaintiff's claims against Seth

Williams, Robin Godfrey and Hugh Burns will be dismissed because there is nothing in the complaint to suggest that they acted outside of the scope of their prosecutorial duties in connection with plaintiff's criminal case.

Plaintiff is alleging, in essence, that he was illegally convicted and sentenced. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff does not state that his conviction has been reversed or otherwise invalidated.

Finally, in his prayer for relief, plaintiff is requesting release from incarceration. Such a request may only be brought in a petition for a writ of habeas corpus, not a 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.